Justice Scalia,
concurring in part.
I join all but Part III-B and Part IV of the opinion of the Court. I will apply our negative Commerce Clause doctrine only when stare decisis compels me to do so. In my view it is “an unjustified judicial invention, not to be expanded beyond its existing domain.” General Motors Corp. v. Tracy, 519 U. S. 278, 312 (1997) (Scalia, J., concurring). Stare decisis does not compel invalidation of Kentucky’s statute. As the Court explains, it would be no small leap from invalidating state discrimination in favor of private entities to invali *360 dating state discrimination in favor of the State’s own subdivisions performing a traditional governmental function. To apply the negative Commerce Clause in this area would broaden the doctrine “ ‘beyond its existing scope, and intrude on a regulatory sphere traditionally occupied by . . . the States.’” United Haulers Assn., Inc. v. Oneida-Herkimer Solid Waste Management Authority, 550 U. S. 330, 348 (2007) (Scalia, J., concurring in part) (omission in original). That is enough for me.
I do not join Part III-B of the opinion of the Court because I think Part III-A adequately resolves the issue. I also do not join Part IV, which describes the question whether so-called Pike balancing applies to laws like this as an “open” one. Ante, at 353; see Pike v. Bruce Church, Inc., 397 U. S. 137 (1970). The Court declines to engage in Pike balancing here because courts are ill suited to determining whether or not this law imposes burdens on interstate commerce that clearly outweigh the law’s local benefits, and the “balancing” should therefore be left to Congress. See ante, at 353-356. The problem is that courts are less well suited than Congress to perform this kind of balancing in every case. The burdens and the benefits are always incommensurate, and cannot be placed on the opposite balances of a scale without assigning a policy-based weight to each of them. It is a matter not of weighing apples against apples, but of deciding whether three apples are better than six tangerines. Here, on one end of the scale (the burden side) there rests a certain degree of suppression of interstate competition in borrowing; and on the other (the benefits side) a certain degree of facilitation of municipal borrowing. Of course you cannot decide which interest “outweighs” the other without deciding which interest is more important to you. And that will always be the case. I would abandon the Pifce-balancing enterprise altogether and leave these quintessential^ legislative judgments with the branch to which the Constitution assigns them. See Bendix Autolite Corp. v. Midwesco Enterprises, *361 Inc., 486 U. S. 888, 897-898 (1988) (Scalia, J., concurring.in judgment).